**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **IN RE:** | **OLIVER LAWRENCE,** | Case No. 17-30339-KRH |
| | Debtor. | Chapter 7 |
| | | |
| **IN RE:** | **CHAMBERLAYNE AUTO SALES REPAIR, INC.,** | Case No. 17-30335-KLP |
| | Debtor. | Chapter 7 |

**PETER J. BARRETT, TRUSTEE,**

      **Plaintiff,**

v.                                                                                                                                 Adv. Pro. No. 19-03082-KRH

**NANCY ANN ROGERS, SUBSTITUTE TRUSTEE,** *et al.*,

      **Defendants.**

## MEMORANDUM OPINION

On September 16, 2019, Peter J. Barrett (the "Trustee"), Chapter 7 Trustee for (i) the bankruptcy estate of Chamberlayne Auto Sales & Repair, Inc.; and (ii) the bankruptcy estate of Oliver Lawrence filed a three-count complaint [ECF No. 1] (the "Complaint") against Nancy Ann Rogers, Substitute Trustee ("Rogers") and Nancy Rogers, P.C. (the "Firm" and, collectively with Rogers, the "Defendants"), thereby commencing the above-captioned adversary proceeding (the "Adversary Proceeding"). Before the Court is the Trustee's *Motion for Partial Summary Judgment* [ECF No. 13] (the "Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "Civil Rules"), as incorporated by Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), whereby the Trustee seeks partial summary judgment against the Defendants

as to liability under Count I, breach of fiduciary duty, and under Count II, violation of the automatic stay, of the Complaint.[1]

The Court conducted a hearing on the Motion on April 29, 2020 (the "Hearing"). After the Hearing and without leave of Court, the Defendants filed the *Defendants' Supplemental Memorandum in Opposition to Motion for Partial Summary Judgment* [ECF No. 33] (the "Supplemental Memorandum"). The Supplemental Memorandum purports to address "arguments made regarding case law not cited in the plaintiff's memorandum as well as representations regarding the terms and conditions contained in the deed of trust." *Id.* at 2. As the Defendants did not request leave of Court to file the Supplemental Memorandum, it is not properly before the Court. However, assuming arguendo the Defendants had properly obtained leave of Court to file the Supplemental Memorandum, for the reasons stated herein *infra*, none of the arguments raised in the Supplemental Memorandum materially affect the Court's analysis.

The Court finds that the foreclosure sale held in January 2017 was ineffective and the sale was invalid. As such, the Court finds that the real property purportedly sold was property of the bankruptcy estate and the Defendants' actions to record the substitute trustee's deed, with knowledge of the pending bankruptcy, violated the automatic stay. The Court further finds that the Defendants breached their fiduciary duty. Accordingly, the Court will grant the Motion. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.[2]

---

[1] The Motion does not seek relief as to Count III of the Complaint, which alleged civil conspiracy nor does the Motion seek a determination of damages on Counts I and II. As such, Count III and the issue of damages will not be addressed herein. The Court will schedule a further pre-trial conference in this Adversary Proceeding to set those matters, and any other outstanding issues under the Complaint, for trial.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

The Court has subject-matter jurisdiction over the Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984.  This is a core proceeding under 28 U.S.C. § 157(b)(A), (G), and (O).  Venue is appropriate pursuant to 28 U.S.C. § 1409.

**Undisputed Facts**

On January 24, 2017 (the "Petition Date"), Chamberlayne Auto Sales & Repair, Inc. ("CASR")[3] and Oliver Lawrence ("O. Lawrence") each filed respectively voluntary petitions for relief under Chapter 7 and Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").  Voluntary Petition for Non-Individuals Filing for Bankruptcy, *In re Chamberlayne Auto Sales & Repair, Inc.*, Case No. 17-30335-KLP, ECF No. 1; Voluntary Petition for Individuals Filing for Bankruptcy, *In re Lawrence*, Case No. 17-30339-KRH, ECF No. 1.  O. Lawrence's bankruptcy case was subsequently converted from Chapter 13 to a case under Chapter 7 on April 6, 2017.  Order of Conversion of Chapter 13 to Chapter 7, *In re Lawrence*, 17-30339-KRH, ECF No. 40.  The Trustee was appointed to administer both CASR's bankruptcy estate and O. Lawrence's bankruptcy estate.  Compl. ¶¶ 1, 3, ECF No. 1 at 2; Answer ¶¶ 1, 3, ECF No. 5 at 1.  He continues to serve as trustee in both cases.  Compl. ¶¶ 1, 3, ECF No. 1 at 2; Answer ¶¶ 1, 3, ECF No. 5 at 1.

The matter at issue in this Adversary Proceeding concerns a foreclosure sale involving certain real property located at 2425 Chamberlayne Avenue, Richmond, Virginia (the "Property").  The Property was owned by O. Lawrence.  CASR operated its business on the Property.[4]  The

---

[3]   As of the Petition Date, O. Lawrence was the sole shareholder of CASR.  Compl. ¶ 2, ECF No. 1 at 2; Answer ¶ 2, ECF No. 5 at 1.

[4]   O. Lawrence operated the business of CASR.  *See* Stipulation of Undisputed Fact ¶¶ 4-5, ECF No. 26 at 2.

3

foreclosure sale was conducted by Rogers, as agent for the Firm and as substitute trustee under deeds of trust securing obligations owed by O. Lawrence and payable to Kim Lawrence ("K. Lawrence"). K. Lawrence is the spouse of O. Lawrence.

Prior to the Petition Date, O. Lawrence had obtained two loans from a predecessor-in-interest to Atlantic Union Bank ("Union Bank"). Stipulation of Undisputed Facts ¶¶ 7-8, ECF No. 26 at 3. The loans were evidenced by two promissory notes (the "Notes") made by O. Lawrence. *Id.* CASR purchased the Loans from Union Bank pursuant to a Note Purchase and Sale Agreement dated December 13, 2013. *Id.* ¶ 10, ECF No. 26 at 3. In accordance therewith, Union Bank assigned the loans to CASR. *Id.* ¶¶ 10-12, ECF No. 26 at 3-4. The Notes were endorsed payable to K. Lawrence on December 17, 2013. *Id.* ¶ 13, ECF No. 26 at 4. The Notes are secured by the Property pursuant to a Deed of Trust dated May 22, 2006, and recorded July 21, 2006, in the Clerk's Office for the Circuit Court for the City of Richmond as Instrument Number 060024739, and a Deed of Trust dated October 7, 2003, and recorded October 14, 2003, in the Clerk's Office for the Circuit Court for the City of Richmond as Instrument Number 030039440 (together, the "Deeds of Trust").[5] *Id.* ¶ 9, ECF No. 26 at 3.

Rogers acted as the substitute trustee in connection with a foreclosure sale on the Property. Compl. ¶ 4, ECF No. 1 at 2-3; Answer ¶ 4, ECF No. 5 at 1. Rogers is also an agent for and president of the Firm. Compl. ¶ 5, ECF No. 1 at 3; Answer ¶ 5, ECF No. 5 at 1. At all times relevant to the Adversary Proceeding, Rogers was acting on behalf of herself as substitute trustee and as an agent of the Firm. Compl. ¶ 28, ECF No. 1 at 6; Answer ¶ 28, ECF No. 5 at 3. The Firm, through its agent, Rogers, authorized the actions of Rogers, including the recording of the

---

[5] The parties stipulate that a true and genuine copy of the Deeds of Trust is attached to the Stipulation of Undisputed Facts. Stipulation of Undisputed Facts ¶ 9 & Ex. C, ECF Nos. 26 at 3, 26-3.

4

Substitute Trustee's Deed (as defined herein). Compl. ¶ 60, ECF No. 1 at 11; Answer ¶ 60, ECF No. 5 at 5.

On or about December 15, 2016, Rogers was appointed substitute trustee under the Deeds of Trust pursuant to an instrument of substitution signed by K. Lawrence (the "Instrument of Substitution"). Compl. ¶ 25; ECF No. 1 at 6; Answer ¶ 25, ECF No. 5 at 3. The Instrument of Substitution was not recorded with the Clerk's Office for the Circuit Court for the City of Richmond until February 23, 2017, at 3:28 p.m. Compl. ¶ 25; ECF No. 1 at 6; Answer ¶ 25, ECF No. 5 at 3. The Defendants admit that, after her appointment, "Rogers, acting as Substitute Trustee, and under the direction of O. Lawrence, and not K. Lawrence, despite K. Lawrence being the alleged noteholder, began the necessary preparations for foreclosing on the [Property]," Compl. ¶ 27; ECF No. 1 at 6; Answer ¶ 27, ECF No. 5 at 3. The Defendants also admit that, "[a]t the direction of O. Lawrence, who was not the noteholder, [ ] Rogers initiated foreclosure proceedings with respect to the [Property]." Compl. ¶ 30; ECF No. 1 at 6; Answer ¶ 30, ECF No. 5 at 3.

The Deeds of Trust required, inter alia,

> Any notice required to be given under this Deed of Trust, including without limitation any notice of default and any notice of sale shall be given in writing and shall be effective . . . if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, direct to the addresses shown near the beginning of this Deed of Trust . . . .

Stipulation of Undisputed Facts Ex. C, ECF No. 26-3 at 12. While the Deeds of Trust allowed for any party to change their address by giving formal written notice, *see id.*, there is no allegation that O. Lawrence effectively changed his address in accordance with the Deeds of Trust and the Defendants admit that the Deeds of Trust required that such notice be sent to O. Lawrence at 9192 Fatlock Drive, Mechanicsville, Virginia 23116, Stipulation of Undisputed Facts ¶ 27, ECF No. 26 at 5. Rogers prepared and mailed a notice of foreclosure dated January 6, 2017 (the "Notice of

5

Foreclosure"). Compl. ¶ 31; ECF No. 1 at 7; Answer ¶ 31, ECF No. 5 at 3. The Notice of Foreclosure incorrectly stated the auction would be held on January 24, 2017. Compl. ¶ 31; ECF No. 1 at 7; Answer ¶ 31, ECF No. 5 at 3. The Notice of Foreclosure was mailed by certified mail to O. Lawrence at 12384 Mechumps Creek Lane, Ashland, Virginia 23005, and was returned to Rogers as uncollected. Compl. ¶ 31; ECF No. 1 at 7; Answer ¶ 31, ECF No. 5 at 3. Rogers also caused to be printed in the Richmond Times-Dispatch, a notice by publication of the proposed foreclosure sale (the "Publication Notice"). The Publication Notice first appeared in print on January 10, 2017. Compl. ¶ 33; ECF No. 1 at 7; Answer ¶ 33, ECF No. 5 at 3. The Publication Notice identified January 23, 2017, at 2:10 p.m. as the date and time of the foreclosure sale, Compl. ¶ 33; ECF No. 1 at 7; Answer ¶ 33, ECF No. 5 at 3, not January 24, 2017, as set forth in the Notice of Foreclosure, Compl. ¶ 31; ECF No. 1 at 7; Answer ¶ 31, ECF No. 5 at 3.

On January 23, 2017, Rogers, acting as substitute trustee, conducted the foreclosure sale. Answer ¶ 35, ECF No. 5 at 3. Rogers accepted the prior oral bid of $225,000 from K. Lawrence when no other bids were received. *Id.*; Stipulation of Undisputed Facts ¶¶ 33-34, ECF No. 26 at 6. The tax assessed value of the property at the time of the sale was $238,000. Stipulation of Undisputed Facts ¶ 35, ECF No. 26 at 6. Rogers prepared and executed a substitute trustee's deed, dated January 23, 2017 (the "Substitute Trustee's Deed"), which bears the seal of a Notary Public indicating that it was signed on January 24, 2017. Compl. ¶ 37; ECF No. 1 at 8; Answer ¶ 37, ECF No. 5 at 3. The Substitute Trustee's Deed was recorded in the Clerk's Office for the Circuit Court for the City of Richmond on February 23, 2017, at 3:29 p.m., according to the record book stamp appearing on the Substitute Trustee's Deed. Compl. ¶ 37; ECF No. 1 at 7; Answer ¶ 37, ECF No. 5 at 3. K. Lawrence ultimately sold the Property to a third party for $440,000. Stipulation of Undisputed Facts ¶ 41, ECF No. 26 at 7.

**Standard of Review**

Summary judgment "is favored as a mechanism to secure the 'just, speedy and inexpensive determination' of a case." *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.*, 57 F.3d 1317, 1322-23 (4th Cir. 1995) (quoting Fed. R. Civ. P. 1). Under Civil Rule 56(a), as made applicable hereto by Bankruptcy Rule 7056, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056. The party moving for summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-22 (1986). In determining whether this burden has been met, the court will consider all evidence in the light most favorable to the nonmoving party. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). "[O]nce the moving party has identified the absence of a genuine issue of material fact, the nonmoving party bears the burden of identifying specific facts that demonstrate the existence of a genuine issue for trial." *Hopkins v. Horizon Mgmt. Servs., Inc.*, 302 F. App'x 137, 139 (4th Cir. 2008) (citations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

> The disputed facts must be material to an issue necessary for the proper resolution of the case, and the quality and quantity of the evidence offered to create a question of fact must be adequate to support a jury verdict. Thus, if the evidence is 'merely colorable' or 'not significantly probative,' it may not be adequate to oppose entry of summary judgment.

*Thompson Everett, Inc.*, 57 F.3d at 1323 (quoting *Anderson*, 477 U.S. at 249-50). "Neither conclusory allegations, speculative scaffolding of one inference upon another, nor the production

7

of a 'mere scintilla of evidence' in support of a nonmovant's case suffices to forestall summary judgment." *Moody v. Arc of Howard Cty., Inc.*, 474 F. App'x 947, 949 (4th Cir. 2012).

## Analysis

Counts I and II of the Complaint concern the manner in which the Defendants conducted the foreclosure sale. The Trustee alleges that the foreclosure sale was void because Rogers failed to comply with certain provisions required by the Deeds of Trust. If the foreclosure sale was invalid, the Property was never transferred from O. Lawrence to K. Lawrence and, as such, the Property became property of O. Lawrence's bankruptcy estate upon the Petition Date. If the Property was property of O. Lawrence's bankruptcy estate as the Trustee maintains, then the Defendants violated the automatic stay when they recorded the Substitute Trustee's Deed after the Petition Date. The Trustee further claims that the Defendants are liable for Rogers' alleged breach of fiduciary duty because she "knew about the impending bankruptcy of O. Lawrence, took her instruction to foreclose from O. Lawrence, who was not the noteholder, and conducted a sale which was not properly noticed." Mot. Partial Summ. J. ¶ 50, ECF No. 13 at 10. Accordingly, the Court begins its analysis with the propriety of the foreclosure sale.

The Trustee alleges the foreclosure was invalid because the Notice of Foreclosure was not mailed to O. Lawrence at the address listed in the Deeds of Trust and because the Notice of Foreclosure contained the incorrect date of the foreclosure sale. Mot. Partial Summ. J. ¶ 55, ECF No. 13 at 12-13. The Defendants do not dispute that the Notice was not sent to O. Lawrence at the address specified in the Deeds of Trust, Stipulation of Undisputed Facts ¶ 27, ECF No. 26 at 5, nor do they dispute that the Notice of Foreclosure incorrectly stated the auction would be held on January 24, 2017, instead of January 23, 2017, Compl. ¶ 31; ECF No. 1 at 7; Answer ¶ 31, ECF No. 5 at 3. Rather, the Defendants argue that these deficiencies are without moment.

8

Virginia law requires the trustee provide a property owner with written notice of a foreclosure sale "by personal delivery or by mail . . . at his last known address as such owner and address appear in the records of the party secured." Va. Code Ann. § 55.1-321(A) (2019).[6] The Defendants allege that Rogers sent the Notice of Foreclosure by mail to O. Lawrence at his last known address as it appears in the records of K. Lawrence, Rogers Decl. ¶ 6, ECF No. 21-1 at 1.[7] As such, the Notice of Foreclosure complied with section 55.1-321(A) of the Virginia Code. Defendants maintain the mailing address was sufficient as a matter of law.

While mailing the Notice of Foreclosure to O. Lawrence at his last known address as it appeared in K. Lawrence's records may have satisfied the requirements of section 55.1-321(A) of the Virginia Code, that does not, by itself, mandate that notice was sufficient as a matter of law. Rather, compliance with that Virginia Code provision merely creates "a rebuttable presumption that the lienholder has complied with any requirement to provide notice of default contained in a deed of trust." Va. Code Ann. § 55.1-321(C). In the case at bar, the Trustee has rebutted that presumption.

"Every deed of trust to secure debts or indemnify sureties is in the nature of a contract and shall be construed according to its terms to the extent not in conflict with the requirements of law." *Id.* § 55.1-320; *see also* Suppl. Mem., ECF No. 33 at 4 ("[T]he terms of the deed of trust are contractual and are to be interpreted like any other contract."). The parties to a deed of trust may include requirements in addition to those imposed by the Virginia Code, so long as they are not in

---

[6] Effective October 1, 2019, Title 55 of the Virginia Code was repealed and recodified as amended at Title 55.1 of the Virginia Code. S. Bill. No. 1080, 2019 Sess. (Va.). Because the recodification did not substantively change the relevant sections, *compare* Va. Code Ann. §§ 55-1 to -559 (repealed 2019), *with* Va. Code Ann. §§ 55.1-100 to -3003 (2019), the Court need not determine whether Title 55 or Title 55.1 controls as to this Adversary Proceeding. The Court cites to Title 55.1 herein.

[7] As K. Lawrence and O. Lawrence are husband and wife, the Court has no reason to question the accuracy of K. Lawrence's records in this regard.

conflict with the Virginia Code. *See* Va. Code Ann. § 55.1-320; *see also Bayview Loan Servicing, LLC v. Simmons*, 654 S.E.2d 898, 898 (Va. 2008) (rejecting argument that statute does not "subsume[ ] any contractual notice obligation in the deed of trust"); *Centennial Ashburn Bus. Park Assocs., L.P. v. Providence Sav. & Loan Ass'n, F.A.*, 21 Va. Cir. 346 (1990) ("[T]he trustee is obligated to give any additional notice required by the deed of trust."). "When the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning." *Squire v. Virginia Hous. Dev. Auth.*, 287 Va. 507, 516, 758 S.E.2d 55, 60 (2014) (quoting *Uniwest Constr., Inc. v. Amtech Elevator Servs., Inc.*, 699 S.E.2d 223, 229 (Va. 2010)).

> It is well settled that a trustee in a deed of trust can only do with the trust property what the deed either in express terms or by necessary implication authorizes him to do. In other words, the powers of the person foreclosing under a mortgage or deed of trust are limited and defined by the instrument under which he acts, and he has only such authority as is thus expressly conferred upon him, together with incidental and implied powers that are necessarily included therein. Accordingly, the trustee or mortgagee must see that in all material matters he keeps within his powers and must execute the trust in strict compliance therewith.

*Schmidt & Wilson v. Carneal*, 180 S.E. 325, 326 (Va. 1935). As such, Rogers was required to act in strict compliance with the terms of the Deeds of Trust to the extent the Deeds of Trust imposed duties in addition to the requirements of the Virginia Code. *See id.*

The Defendants concede that the Deeds of Trust required notices be sent to O. Lawrence at 9192 Fatlock Drive, Mechanicsville, Virginia 23116. Stipulation of Undisputed Facts ¶ 27 & Ex. C, ECF Nos. 26 at 5, 26-3. The Defendants further concede that Rogers mailed the Notice of Foreclosure to an address other than the one specified in the Deeds of Trust. Compl. ¶ 31; ECF No. 1 at 7; Answer ¶ 31, ECF No. 5 at 3. As such, Rogers failed to provide notice of the proposed foreclosure sale as required by the Deeds of Trust.

Because Rogers failed to mail the Notice of Foreclosure as required by the Deeds of Trust, the contents of the Notice of Foreclosure are immaterial. However, the contents of the Notice of Foreclosure were defective. The Notice of Foreclosure failed to provide the correct date and time of the foreclosure sale. Had Rogers simply mailed the Publication Notice to O. Lawrence at the notice address provided in the Deeds of Trust, Rogers may have provided sufficient notice. *See* Va. Code Ann. § 55.1-321(A) (2019) ("Mailing of a copy of the advertisement or a notice *containing the same information* to the owner by certified or registered mail no less than 14 days prior to such sale . . . shall be a sufficient compliance with the requirement of notice." (emphasis added)). But the Notice of Foreclosure Rogers prepared contained an incorrect, later sale date, than the attached Publication Notice. The date and time of the foreclosure sale are material terms of any notice. That material defect could not be cured by simply enclosing a contradictory Publication Notice. As the date of the foreclosure was wrong in the Notice of Foreclosure, the Court finds that the notice of foreclosure was defective.

Separate and apart from the defective notice of the foreclosure, Rogers also failed to meet the condition precedent of acting at the direction and behest of the beneficiary under the Deeds of Trust as required by state law:

> In the event of default in the payment of the debt secured, or any part thereof, at maturity, or in the payment of interest when due, or of the breach of any of the covenants entered into or imposed upon the grantor, *then at the request of any beneficiary* the trustee shall forthwith declare all the debts and obligations secured by the deed of trust at once due and payable and may take possession of the property and proceed to sell the same at auction . . . .

Va. Code Ann. § 55.1-320(7) (2019) (emphasis added). Thus, a condition precedent to any foreclosure sale is that the foreclosure be conducted at the "request of any beneficiary." The Defendants, by their Answer, admit that, after her appointment, "Rogers, acting as Substitute

11

Trustee, and under the direction of O. Lawrence, and not K. Lawrence, despite K. Lawrence being the alleged noteholder, began the necessary preparations for foreclosing on the [Property]," Compl. ¶ 27; ECF No. 1 at 6; Answer ¶ 27, ECF No. 5 at 3, and that, "[a]t the direction of O. Lawrence, who was not the noteholder, [ ] Rogers initiated foreclosure proceedings with respect to the [Property]," Compl. ¶ 30; ECF No. 1 at 6; Answer ¶ 30, ECF No. 5 at 3.

By their *Memorandum in Opposition to Motion for Partial Summary Judgment* [ECF No. 21] (the "Response"), the Defendants attempt to limit these admissions by directing the Court to the *Sworn Declaration of Nancy Ann Rogers* filed in support of the Response, wherein she states, without support, that she "was asked by Kim Lawrence, the secured noteholder, to foreclose. . . . Although later Oliver Lawrence advised me to go ahead with the sale, he was communicating instructions from his wife, Kim Lawrence." Rogers Decl. ¶ 3, ECF No. 21-1 at 1. This position is belied not only by the Defendants' admissions in the Answer, but in *Nancy Rogers Answers to Peter Barrett's First Set of Interrogatories and Requests for Production of Documents* [ECF No. 21-5] also filed in support of the Response. Therein, Rogers admits:

> 8. Describe *all* instructions, written and verbal, you received from O. Lawrence regarding your appointment and service [as] Substitute Trustee under the Deed of Trust.
>
> Oliver Lawrence told me that his wife, Kim Lawrence wanted me to proceed with a foreclosure on the property pursuant to the Deed of Trust. I did not receive any instructions regarding my appointment. . . .
>
> 9. Describe *all* instructions, written and verbal, you received from K. Lawrence regarding your appointment and service as Substitute Trustee under the Deed of Trust.
>
> Kim Lawrence instructed me, through her husband Oliver Lawrence, to proceed with a foreclosure on the property pursuant to the Deed of Trust. I did not receive any instructions regarding my appointment.

12

Rogers' Resps. to Pl.'s Interrog. Nos. 8-9, ECF No. 21-5 at 4 (emphasis added). Thus, the record is replete with uncontested admissions from the Defendants that the Defendants did not receive any instructions directly from K. Lawrence to foreclose on the Property. The Court finds that the Defendants' allegations in the Response that the Defendants received such instructions from K. Lawrence to be the "conclusory allegations, speculative scaffolding of one inference upon another, [and] the production of a 'mere scintilla of evidence' in support of a nonmovant's case" insufficient to "forestall summary judgment." *Moody v. Arc of Howard Cty., Inc.*, 474 F. App'x 947, 949 (4th Cir. 2012).[8]

Rogers, as substitute trustee, failed to meet two conditions precedent to foreclosing on the Property. First, Rogers failed to comply with the notice requirement set forth in the Deeds of Trust. Second, she took her instruction to foreclose from O. Lawrence, not the noteholder. Accordingly, the Court concludes that the foreclosure sale was invalid.

## Violation of the Automatic Stay

The Trustee alleges the Defendants violated the automatic stay by recording the Substitute Trustee's Deed after the invalid foreclosure sale and after the Petition Date. Mot. Partial Summ. J. ¶ 59, ECF No. 13 at 15. Section 362 of the Bankruptcy Code imposes an automatic stay to prevent "any act to obtain possession of property of the estate . . . or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). "Property of the estate" is a defined term under the Bankruptcy Code and includes "all legal or equitable interests of the debtor in property as of the

---

[8] The doctrine of apparent authority does not apply to excuse the Defendants' actions. "[A]pparent authority is '"created by operation of law and established by a principal's actions that would reasonably lead a third person to conclude that an agency exists," regardless of whether the principal and agent intended to establish an agency relationship.'" *Commercial Cash Flow, L.L.C. v. Matkins* (*In re Matkins*), 605 B.R. 62, 86 (Bankr. E.D. Va. 2019) (quoting *Wynn's Extended Care, Inc. v. Bradley*, 619 F. App'x 216, 218 (4th Cir. 2015) (per curiam)). The Defendants have failed to allege any actions by K. Lawrence that would have *reasonably* lead Rogers, in her role as substitute trustee under the Deeds of Trust and as a seasoned real estate lawyer with decades of experience, to conclude that the borrower, O. Lawrence, could act as agent for the noteholder, K. Lawrence.

13

commencement of the case." *Id.* § 541(a). Further, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *Id.* § 362(k)(1).

> A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statue provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.

*In re Manuel*, 212 B.R. 517, 519 (Bankr. E.D. Va. 1997) (quoting *Goichman v. Bloom* (*In re Bloom*), 875 F.2d 224, 227 (9th Cir.1989)).

As the foreclosure sale was invalid, the foreclosure did not extinguish O. Lawrence's equitable interest in the Property as of the Petition Date. Accordingly, the Property became property of O. Lawrence's bankruptcy estate.

The Substitute Trustee's Deed was recorded on February 23, 2017, at 3:29 p.m., according to the record book stamp appearing on the same. Compl. ¶ 37; ECF No. 1 at 7; Answer ¶ 37, ECF No. 5 at 3. O. Lawrence filed his bankruptcy petition at 12:42 p.m. on January 24, 2017. Case No. 17-30339-KRH, ECF No. 1. Rogers knew that O. Lawrence had filed for bankruptcy at the time she caused the Instrument of Substitution and the Substitute Trustee's Deed to be recorded. Rogers' Resps. to Pl.'s Reqs. for Admis. 23 & 24, ECF No. 13 at 165; Stipulation of Undisputed Facts ¶ 40, ECF No. 26 at 7. Because the Defendants knew about the bankruptcy cases and intentionally recorded the Substitute Trustee's Deed, the Defendants violated the automatic stay. *In re Manuel*, 212 B.R. at 519. Rogers' mistaken belief that the foreclosure sale may have been valid is no defense. *Id.* The Court will determine the appropriate quantum of damages and will consider any request for punitive damages at trial.

Breach of Fiduciary Duty

The Trustee alleges that Rogers breached her fiduciary duties pursuant to the Deeds of Trust because she "knew about the impending bankruptcy of O. Lawrence, took her instruction to foreclose from O. Lawrence, who was not the noteholder, and conducted a sale which was not properly noticed." Mot. Partial Summ. J. ¶ 50, ECF No. 13 at 10. "A claim for breach of fiduciary duties against a substitute trustee to a deed of trust is a viable cause of action under Virginia law." *Vaughn v. U.S. Bank N.A.*, No. 3:15-CV-103-HEH, 2015 WL 1349953, at *3, 2015 U.S. Dist. LEXIS 37298, at *6 (E.D. Va. Mar. 24, 2015) (citing *Squire v. Va. Hous. Dev. Auth.*, 758 S.E.2d 55, 61 (Va. 2014)). "To recover on a breach of fiduciary duty claim in Virginia, a plaintiff must show that a duty exists, that the duty was breached and that the breach caused damages." *Moore v. Law Offices of Shapiro, Brown & Alt, LLP*, No. 3:14CV832 DJN, 2015 WL 4877845, at *7, 2015 U.S. Dist. LEXIS 106921, at *22 (E.D. Va. Aug. 13, 2015) (citing *Carstensen v. Chrisland Corp.*, 442 S.E.2d 660, 666 (Va. 1994)).

The Court need not decide the "somewhat conflicting statements in Virginia case law" concerning the fiduciary duties owed by trustees under deeds of trust. *Mayo v. Wells Fargo Bank, N.A.*, 30 F. Supp. 3d 485, 495 (E.D. Va. 2014), *aff'd*, 622 F. App'x 250 (4th Cir. 2015). In this case, the Defendants admitted that "[b]y virtue of her status as Substitute Trustee, Ms. Rogers was in a fiduciary relationship with CASR, and O. Lawrence, and owed each the duty of good faith, fair dealing, impartiality, and acting in the best interests of each to maximize value." Compl. ¶ 52, ECF No. 1; Answer ¶ 52, ECF No. 5. Rogers' conduct was not in good faith, was not fair dealing, was not impartial, and was not acting in the best interests of CASR and O. Lawrence to maximize

15

value. As such, the Defendants breached their fiduciary duty.[9] *Moore*, 2015 WL 4877845, at *7, 2015 U.S. Dist. LEXIS 106921, at *22. The Defendants' breach of their fiduciary duty damaged O. Lawrence's bankruptcy estate by purporting to sell an asset which would have been otherwise available for administration by the Trustee for the benefit of O. Lawrence's creditors. *See id.*

Rogers breached her fiduciary duty by improperly foreclosing on the Property without first satisfying the necessary conditions precedent. "A trustee's power to foreclose is conferred by the deed of trust. That power does not accrue until its conditions precedent have been fulfilled. The fact that a borrower is in arrears does not allow the trustee to circumvent the conditions precedent." *Mathews v. PHH Mortg. Corp.*, 724 S.E.2d 196, 199 (Va. 2012) (citing *Fairfax Cty. Redevelopment & Hous. Auth. v. Riekse*, 707 S.E.2d 826, 829 (Va. 2011); *Bayview Loan Servicing, LLC v. Simmons*, 654 S.E.2d 898, 901 (Va. 2008)). As this Court found *supra*, at least two conditions precedent were not met at the time that Rogers conducted the foreclosure sale: (1) Rogers did not receive instructions from the beneficiary under the Deeds of Trust; and (2) Rogers failed to provide notice of the foreclosure sale as required by the Deeds of Trust.

Although the Supreme Court of Virginia has not squarely addressed the issue, based on the case law available, it appears that a cause of action for breach of fiduciary duty for failure to satisfy a condition precedent for a foreclosure sale would be viable under state law. In *Squire v. Virginia Housing Development Authority*, 758 S.E.2d 55, 61 (Va. 2014), the Supreme Court of Virginia held that the trial court had erred in sustaining the substitute trustee's demurrer as to the plaintiff's breach of fiduciary duty claim. In that case, the plaintiff had pled that the substitute trustee failed to fulfill a condition precedent to the foreclosure sale in that it "failed to have, or make reasonable

---

[9] As the Defendants have not raised the affirmative defense of *in pari delicto*, the Court need not address whether the Defendants' breach of fiduciary duty was willful or negligent and makes no findings in that regard.

16

efforts to arrange, a face-to-face meeting with her," as required by the deed of trust. *Id.* The Court found that the plaintiff's allegations that the substitute trustee had breached its fiduciary duty in conducting the foreclosure sale without meeting this condition precedent were "sufficient to withstand demurrer." *Id.* at 63; *see also Gibbs v. Fed. Nat'l Mortg. Ass'n*, No. 3:18-CV-75-HEH, 2018 WL 1629109, at *3, 2018 U.S. Dist. LEXIS 58258, at *9 (E.D. Va. Apr. 4, 2018) ("Based upon the holding in *Squire*, it is possible that Virginia law supports a claim for fiduciary breach against a substitute trustee under the circumstances alleged by Plaintiff.").

Moreover, Rogers is a seasoned real estate attorney who has acted as a trustee or substitute trustee under a deed of trust hundreds of times prior to the foreclosure at issue in this Adversary Proceeding. Rogers' Resp. to Pl.'s Interrog. No. 4, ECF No. 21-5 at 3. Rogers also admits that she "had represented the Lawrences and/or related entities, including having 'represented them in connection with transfers of property amongst entities.'" Stipulation of Undisputed Facts ¶ 17, ECF No. 26 at 4 (quoting Rogers Tr., 51:8-23). Rogers further admits that she was aware of instances in which O. Lawrence, K. Lawrence, CASR, or affiliated entities had "attempted to transfer property in order to avoid legal or administrative actions by a creditor or government entity." Rogers' Resp. to Pl.'s Req. for Admis. 25, ECF No. 13 at 165. By conducting the foreclosure sale, Rogers improperly denied O. Lawrence the continued benefit of ownership of the Property, which Property would have otherwise become property of O. Lawrence's bankruptcy estate pursuant to section 541 of the Bankruptcy Code and subject to administration for the benefit of O. Lawrence's creditors. That alone was not acting in the best interests of O. Lawrence to maximize value and, as such, the Defendants breached their fiduciary duty. However, given the history among the parties, Rogers' extensive experience as a real estate attorney, and Rogers' prior knowledge that O. Lawrence, K. Lawrence, and their affiliates had transferred property to avoid

17

legal or administrative actions by a creditor or government entity, at best, Rogers was willfully blind to a scheme to place the Property outside of the reach of CASR's and O. Lawrence's creditors; at worst, Rogers was complicit in a scheme to defraud, hinder, or delay creditors.

## Conclusion

In reaching its holding on the Motion, the Court is unpersuaded by the Defendants' attempt to manufacture disputed "facts" sufficient to preclude the entry of summary judgment in favor of the Trustee and against the Defendants by their Supplemental Memorandum filed without leave of Court. As the Supplemental Memorandum was filed after the conclusion of the Hearing, without leave of Court, the pleading is untimely and not properly before the Court. But assuming the Supplemental Memorandum were properly before the Court, the Supplemental Memorandum seeks to raise disputes as to interpretations of the Deeds of Trust or as to matters already admitted by the Defendants. The Deeds of Trust are unambiguous and, as such, interpretation of the Deeds of Trust is well within the purview of the Court. *Washington Metro. Area Transit Auth. v. Potomac Inv. Props., Inc.*, 476 F.3d 231, 235 (4th Cir. 2007) ("If a court properly determines that the contract is unambiguous on the dispositive issue, it may then properly interpret the contract as a matter of law and grant summary judgment because no interpretive facts are in genuine issue."). To the extent that interpretation of the terms of the Deed of Trust involved factual findings, the

Defendants are bound by their prior unwithdrawn admissions[10] and stipulations[11] to the contrary.[12] As such, the Defendants failed to meet their burden pursuant to Civil Rule 56(c).  Due to the Defendants' failure to properly dispute any material facts, the Court will "grant summary judgment [because] the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it."  Fed R. Civ. P. 56(e)(2), (3); Fed. R. Bank. P. 7056.

Accordingly, the Motion is **GRANTED**.  A separate Order will issue.

DATED:  May 14, 2020            /s/ Kevin R. Huennekens
                                UNITED STATES BANKRUPTCY JUDGE

                                Entered on Docket:  May 14, 2020

---

[10] "Factual admissions by parties are, as a general rule, binding as judicial admissions." *Blizzard v. Astrue*, No. 4:10CV5, 2010 WL 4630253, at *6, 2010 U.S. Dist. LEXIS 118365, at *15 (E.D. Va. Sept. 22, 2010), *report and recommendation adopted sub nom. Blizzard v. Comm'r of Soc. Sec.*, No. 4:10-CV5, 2010 WL 4627859, 2010 U.S. Dist. LEXIS 118379 (E.D. Va. Nov. 8, 2010).

> Once made, the subject matter ought not to be reopened in the absence of a showing of exceptional circumstances, but a court, unquestionably, has the right to relieve a party of his judicial admission if it appears that the admitted fact is clearly untrue and that the party was laboring under a mistake when he made the admission.

*New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963).  Even if any admitted facts were clearly untrue (which they are not), the Defendants have not alleged and have not established that they were laboring under a mistake when they made the admissions in their Answer and discovery responses.  As such, the Defendants' factual admissions are binding and dispositive.

[11] "It has therefore been held that '[s]tipulations as to facts freely and voluntarily entered into during trial are equivalent of proof and . . . neither party will be heard to suggest that the facts were other than as stipulated.'" *United States v. Lentz*, 419 F. Supp. 2d 843, 844-45 (E.D. Va. 2006) (alterations in original) (quoting *United States v. Campbell*, 453 F.2d 447, 451 (10th Cir. 1972)); *see Richardson v. Dir., Office of Workers' Comp. Programs*, 94 F.3d 164, 167 (4th Cir. 1996).  As such, all facts set forth in the Stipulation of Undisputed Facts have been legally established for purposes of this Motion and for trial.

[12] Not only are Defendants' arguments in the Supplemental Memorandum disingenuous, they are untrue.  The Supplemental Memorandum alleges that, after a payment default under the Deeds of Trust, "[t]here are no other conditions specified nor any right to cure period allowed.  Contrary to the Defendants' representations in their Supplemental Memorandum, the Deeds of Trust provide for a cure period, *see* Suppl. Mem. Ex. A., ECF No. 33-1 at 6, and explicitly required a fourteen-day notice period for the sale of personal property located at the Property, *see id.*, ECF No. 33-1 at 8.