**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **IN RE:** | **OLIVER LAWRENCE,** | Case No. 17-30339-KRH |
| | Debtor. | Chapter 7 |

| | | |
|---|---|---|
| **IN RE:** | **CHAMBERLAYNE AUTO SALES & REPAIR, INC.,** | Case No. 17-30335-KLP |
| | Debtor. | Chapter 7 |

**PETER J. BARRETT, TRUSTEE,**

      **Plaintiff,**

v.                                                                                    Adv. Pro. No. 19-03082-KRH

**NANCY ANN ROGERS, SUBSTITUTE TRUSTEE,** *et al.***,**

      **Defendants.**

## MEMORANDUM OPINION

This matter comes before the Court on the *Defendants' Objection to the Second Pretrial Order (Doc 48), Motion for Trial by Jury and Motion to Continue Trial Date* [ECF No. 50] (the "Motion") filed by Nancy Ann Rogers and Nancy Ann Rogers, P.C. (collectively, the "Defendants"). On July 8, 2020, as scheduled by the Defendants and only six days prior to the trial date, the Court conducted a hearing on the Motion (the "July 8 Hearing"). For the reasons stated herein, the Motion will be denied. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.[1]

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

The Court has subject-matter jurisdiction over the above-captioned adversary proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984 (the "Standing Order of Reference"). This is a core proceeding under 28 U.S.C. § 157(b)(A), (G), (H), and (O). Venue is appropriate pursuant to 28 U.S.C. § 1409.

Peter J. Barrett (the "Trustee"), Chapter 7 Trustee for (i) the bankruptcy estate of Chamberlayne Auto Sales & Repair, Inc.; and (ii) the bankruptcy estate of Oliver Lawrence filed a three-count complaint [ECF No. 1] (the "Complaint") against the Defendants (together with the Trustee, the "Parties") on September 16, 2019, thereby commencing this Adversary Proceeding. On December 3, 2019, the Court entered its *Pretrial Order* [ECF No. 7] (the "Original Pretrial Order"), which provided in pertinent part:

> Any party not consenting to the entry of a final order by the Bankruptcy Judge shall file a Motion to withdraw the reference or for other appropriate relief within 30 days of the entry of this Pretrial Order and shall promptly set the matter for a hearing. The failure to comply with the terms of this paragraph shall be deemed to constitute consent to the entry of final orders by the Bankruptcy Judge.

Original Pretrial Order ¶ 13, ECF No. 7.[2] Accordingly, the deadline to file a motion to withdraw the reference or similar relief was January 2, 2020. No such motion was filed on or before the January 2, 2020, deadline.

---

[2] The Court entered the Original Pretrial Order after conducting an initial pretrial conference on November 26, 2019, as scheduled by the summons served with the Complaint. Counsel for all Parties participated at the initial pretrial conference. The Parties selected dates for a two-day trial on May 4 and 5, 2020 (the Original Trial Date"), and they consented to the entry of the Court's customary pretrial scheduling order. Among other things, the Original Pretrial Order established a discovery cutoff date of April 13, 2020, and set a deadline for filing dispositive motions. Original Pretrial Order ¶¶ 4, 5, ECF No. 7. The Trustee timely filed a *Motion for Partial Summary Judgment* [ECF No. 13] on March 30, 2020, and subsequently moved for a brief adjournment of the Original Trial Date in order to have an opportunity to argue his summary judgment motion. Mot. Adjournment Trial, ECF No. 24. Counsel for the Defendants consented to the requested continuance and the Court adjourned the Original Trial Date by Order entered April 29, 2020 [ECF No. 32].

By Order entered May 14, 2020 [ECF No. 36] (the "May 14 Order"), the Court granted the Trustee's *Motion for Partial Summary Judgment* [ECF No. 13] as to liability for counts I and II of the Complaint against both Defendants.[3] The Defendants are seeking leave to appeal the interlocutory May 14 Order to the District Court.  Defs.' Mot. Leave Appeal, ECF No. 40.[4]

The Court held a further pretrial conference on June 10, 2020 (the "Second Pretrial Conference").  In accordance with the Court's *Protocol in Response to Public Health Emergency* (the "Protocol"), as made applicable to this Adversary Proceeding by Richmond General Order 20-5, the Second Pretrial Conference was conducted telephonically.  Counsel for the Trustee appeared telephonically at the Second Pretrial Conference, but counsel for the Defendants did not appear at the Second Pretrial Conference.[5]  At the Second Pretrial Conference and in the absence of any objection, the Court scheduled the trial (the "Trial") in this Adversary Proceeding for July 14, 2020 (the "Trial Date").  After conducting the Second Pretrial Conference, the Court entered its *Second Pretrial Order* [ECF No. 50] (the "Second Pretrial Order").  The Second Pretrial Order set the Trial Date and provided that the one-day Trial would be conducted via video conference in accordance with Richmond General Order 20-5.  The Second Pretrial Order further provided that "[e]xcept as modified [by the Second Pretrial Order] or by General Order 20-5, all other terms and

---

[3] The May 14 Order further provided that that the Court would "hold a pre-trial conference (the "Pre-Trial Conference") on **June 10, 2020, at 11:30 a.m.** in **Courtroom 5000, 701 E. Broad Street, Richmond, Virginia, 23219**;" and "that the Court would set Count III of the Complaint for trial at the Pre-Trial Conference."  Order 2, ECF No. 36 (emphasis in original).

[4] No motion for a stay of the interlocutory May 14 Order pending appeal has been filed in accordance with Rule 8007 of the Federal Rules of Bankruptcy Procedure.

[5] At the July 8 Hearing, counsel for the Defendants represented that he attempted to appear in person at the Second Pretrial Conference in contravention of the Protocol.

3

provisions set forth in the Original Pretrial Order shall remain in full force and effect." Second Pretrial Order ¶ 3, ECF No. 48.[6]

Despite failing to appear at the Second Pretrial Conference and, therefore, failing to timely object to the Trial Date, the Defendants' Motion raises objections to the Second Pretrial Order, demands a trial by jury, and asks the Court to continue the Trial Date to such date in the future as would allow in-person witness testimony. As more fully explained herein, the Court finds that the Defendants have waived any right to a jury trial by their conduct and further finds that good cause in compelling circumstances exist to permit video transmission of witness testimony.

Rule 38 of the Federal Rules of Civil Procedure, as made applicable to this Adversary Proceeding by Rule 9015(a) of the Federal Rules of Bankruptcy Procedure, provides that "a party may demand a jury trial by (1) serving the other parties with a written demand—which may be included in a pleading . . . ." Fed. R. Civ. P. 38(b)(1); Fed. R. Bankr. P. 9015(a). By their answer, the Defendants demanded a jury trial. Answer ¶ 68, ECF No. 5.

However, that is not the end of the inquiry as to whether the Defendants are entitled to a jury trial at this late stage. In the Fourth Circuit, even where a jury demand is properly made, the right to a jury trial may be waived by the party's conduct. *United States v. 1966 Beechcraft Aircraft*, 777 F.2d 947, 951 (4th Cir. 1985); *cf. Liner v. Jones*, 881 F.2d 1069, 1069 n.* (4th Cir. 1989) (per curiam) ("Although Liner requested 'relief by Grand Jury' in his complaint, he subsequently waived any right to trial by jury by not objecting to the pre-trial order captioned 'NON–JURY.'").

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may

---

[6] At the time the Court adjourned the Original Trial Date, *see supra* note 2, trial preparation was substantially completed. All discovery had been concluded, all dispositive motions had been filed, any expert reports had been exchanged, and the Parties were otherwise ready to try the case.

4

> conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. § 157(e).  By the Standing Order of Reference, the United States District Court for the Eastern District of Virginia (the "District Court") automatically refers all bankruptcy matters to this Court.  The Standing Order of Reference is silent as to whether this Court could conduct a jury trial, and the District Court has not specifically authorized this Court to conduct a jury trial in this Adversary Proceeding.  Therefore, this Court does not have the authority to conduct a jury trial in this Adversary Proceeding.[7]  *See Hudgins v. Shah* (*In re Sys. Eng'g & Energy Mgmt. Assocs., Inc.*), 252 B.R. 635, 644 n.6 (Bankr. E.D. Va. 2000) ("The Defendants . . . have requested a jury trial for this adversary proceeding, which this Court is not authorized to conduct. . . . [T]he district court

---

[7] At the July 8 Hearing, the Defendants relied upon Judge Payne's decision in *Helmer v. Murray* (*In re Murray*), 149 B.R. 383 (E.D. Va. 1993) for the proposition that this Court is authorized to conduct jury trials on core matters and the Defendants conceded that this Adversary Proceeding involved only core matters.  However, *In re Murray* concerned a motion to withdraw the reference, in part, to permit the district court to conduct a jury trial on non-core issues for which the defendants did not consent to entry of a final order by the bankruptcy court.  *Id.* at 387.  Judge Payne found this to be a factor in support of withdrawal of the reference.  *Id.* at 388.  *In re Murray* does not stand for the proposition that this Court may conduct a jury trial on core matters.  Rather, Judge Payne stated:

> All but one of the United States Courts of Appeals that have addressed the issue have held that bankruptcy courts cannot conduct jury trials.  The United States Court of Appeals for the Second Circuit, in *Ben Cooper, Inc. v. Insurance Company of State of Pennsylvania*, 896 F.2d 1394, 1402 (2d Cir.1990), held that bankruptcy courts may conduct jury trials in core proceedings, but, with respect to non-core proceedings, the court observed that "the Seventh Amendment may well render unconstitutional jury trials in non-consensual non-core proceedings, because of the requirement that findings of fact by the bankruptcy court be reviewed de novo by the district court."

*Id.* at 387 (quoting *Ben Cooper, Inc. v. Ins. Co. of State of Pa.* (*In re Ben Cooper, Inc.*), 896 F.2d 1394, 1403 (2d Cir.), *vacated*, 498 U.S. 964 (1990), *and opinion reinstated*, 924 F.2d 36 (2d Cir. 1991)) (citing *In re Grabill Corp.*, 967 F.2d 1152 (7th Cir. 1992); *Rafoth v. Nat'l Union Fire Ins. Co.* (*In re Baker & Getty Fin. Servs., Inc.*), 954 F.2d 1169 (6th Cir. 1992); *Beard v. Braunstein*, 914 F.2d 434 (3d Cir. 1990); *Kaiser Steel Corp. v. Frates* (*In re Kaiser Steel Corp.*), 911 F.2d 380 (10th Cir. 1990); *In re United Mo. Bank of Kan. City, N.A.*, 901 F.2d 1449 (8th Cir. 1990); *Taxel v. Elec. Sports Research* (*In re Cinematronics, Inc.*), 916 F.2d 1444 (9th Cir. 1990)). Notably, the Second Circuit's decision in *Ben Cooper* concerned only whether the bankruptcy court could constitutionally conduct a jury trial prior to the enactment of 28 U.S.C. § 157(e) in 1994 and, as such, is inapposite to the case at bar.  *See* 896 F.2d at 1401; Bankruptcy Reform Act of 1994, Pub. L. No. 103-394, 108 Stat. 4106 (codified at 28 U.S.C. § 157(e)).

must conduct any trial on the merits as to these Defendants, to the extent a right to jury trial exists for each count." (internal citation omitted)).

Assuming without deciding that the right to a jury trial applies to this Adversary Proceeding, because this Court has not been designated to conduct jury trials, in order to obtain a jury trial, the Defendants should have filed a motion to withdraw the reference. But, the time for doing so has long expired. As stated above, the Original Pretrial Order required the Parties to file a motion to withdraw the reference or seek other appropriate relief within thirty days of its entry, i.e., no later than January 2, 2020. Original Pretrial Order ¶ 13, ECF No. 7. The Defendants failed to do so.[8] As such, by the terms of the Original Pretrial Order, the Defendants are "deemed to . . . consent to the entry of final orders by the Bankruptcy Judge." *Id.* Accordingly, by the

---

[8] An analogous situation presented itself in *Tavenner v. Sigler*, No. 3:17CV502, 2018 WL 1511733, 2018 U.S. Dist. LEXIS 51893 (E.D. Va. Mar. 27, 2018). In that case, the defendant had made two written jury demands but had failed to timely move to withdraw the reference or seek other relief from the bankruptcy court in accordance with the applicable pretrial scheduling order. *Id.* at *4, 2018 U.S. Dist. LEXIS 51893, at *11. As such, the bankruptcy court denied the defendant's jury demand, finding the defendant

> did not timely move to withdraw the reference, nor did [he] seek other appropriate relief. [He] set nothing down for hearing after entry of the Pre–Trial Order. [He] took no affirmative action as is required by the Court's Pre–Trial Order. Thus, [he has] consented to the entry of final orders by [the Bankruptcy] Court. [He has] consented to [the Bankruptcy] Court hearing all matters.

*Id.* at *2, 2018 U.S. Dist. LEXIS 51893, at *5 (alterations in original). Rather than appealing the bankruptcy court's decision, the defendant then moved to withdraw the reference. Denying the defendant's untimely motion, the District Court held:

> by litigating this case in the bankruptcy court for more than two months and only moving to withdraw the reference afterward, Sigler, at the very least, risked disrupting the certainty of the proceedings in the Bankruptcy Court. It defies reason that a party could move to withdraw the reference at any time in an adversary proceeding before the Bankruptcy Court, and justify a potentially late motion to do so by asserting that it had "endeavored to comply" with the Bankruptcy Court's orders. Litigants are tasked with knowing the laws and procedures of the courts in which they litigate. In order to ensure timely and efficient resolution of the matters before the courts, litigants must comply (not just endeavor to comply) with those rules. Failure to do so risks forfeiting relief to which the litigant might otherwise be entitled.

*Id.* at *4 n.13, 2018 U.S. Dist. LEXIS 51893, at *12 n.13.

6

Defendants' conduct, the Court finds that the Defendants have waived any right to a jury trial and have consented to a bench trial before this Court. *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, ___, 135 S. Ct. 1932, 1947-48 (2015);[9] *Hackman v. Wilson* (*In re Hackman*), 534 B.R. 867, 870 (Bankr. E.D. Va. 2015) ("The Plaintiffs, having initiated the action and having litigated the case for more than eight months in this Court without raising an objection to the Court's ability to enter final orders, have consented to the entry of final orders by the undersigned bankruptcy judge.").

By their Motion, the Defendants also ask the Court to continue the Trial Date so that they may conduct "in person testimony." Mot. 5, ECF No. 50. The Defendants assert that conducting the trial by video conference will "limit the defendants' ability to effectively confront and cross examine witnesses in a case that involves multiple factual disputes." Mot. 4, ECF No. 50.

The Defendants acknowledge that "the COVID-19 pandemic certainly requires social distancing and other precautions to limit the spread of infection." *Id.* In light of the current public health emergency, pursuant to Standing Order 20-21, "all Bankruptcy Court proceedings shall be convened remotely . . . ." As applicable to this Adversary Proceeding, this Court's Protocol provides that "[a]ll evidentiary hearings must be conducted by video conference using Zoom for

---

[9] Although *Wellness International* primarily concerned consent to the bankruptcy court's jurisdiction under 28 U.S.C. § 157(c)(2) to hear and determine constitutionally non-core matters (which has not been raised here), the Supreme Court based its holding, in part, on *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833 (1986), which concerned the defendant's alleged right to a jury trial:

> On the constitutional question (the one relevant here) the Court began by holding that Schor had "waived any right he may have possessed to the full trial of [the broker's] counterclaim before an Article III court." The Court then explained why this waiver legitimated the CFTC's exercise of authority: "[A]s a personal right, Article III's guarantee of an impartial and independent federal adjudication is subject to waiver, just as are other personal constitutional rights"—such as the right to a jury . . . .

*Wellness Int'l Network*, 575 U.S. 665, 135 S. Ct. at 1942-43 (alteration in original) (quoting *Schor*, 478 U.S. at 848-49 (1986)).

Government."  Accordingly, the Trial in this Adversary Proceeding must be conducted by video conference, as detailed in the Second Pretrial Order.

In response to the Defendants' alleged due process right to in-person witness testimony,[10] Rule 43(a) of the Federal Rules of Civil Procedure, as made applicable to bankruptcy proceedings by Rule 9017 of the Federal Rules of Bankruptcy Procedure, provides in pertinent part:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.  For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a); Fed. R. Bankr. P. 9017.  "Good cause in compelling circumstances" exist in light of the current global pandemic.  *Argonaut Ins. Co. v. Manetta Enters., Inc.*, No. 19-CV-00482 (PKC) (RLM), 2020 WL 3104033, at *1, 2020 U.S. Dist. LEXIS 103625, at *2-5 (E.D.N.Y. June 11, 2020) ("The Court finds that the COVID-19 pandemic, and the months' long delay it has caused—indeed, continues to cause—in all court proceedings, constitutes 'good cause and compelling circumstances' to hold the bench trial in this matter via video-conference."); *ResCap Liquidation Tr. v. Primary Residential Mortg., Inc.* (*In re RFC & ResCap Liquidating Tr. Action*), No. 0:13-cv-3451 (SRN/HB), 2020 WL 1280931, at *3, 2020 U.S. Dist. LEXIS 44607, at *17 (D. Minn. Mar. 13, 2020); *cf. In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *8, 2020 U.S. Dist. LEXIS 111420, at *95-96 (N.D. Ill. June 25, 2020) (rejecting

---

[10] During the national emergency and continuing until the earlier of thirty days after the termination of the national emergency declaration or the date when the Judicial Conference of the United States finds that the federal courts are no longer materially affected, Congress has specifically authorized the federal judiciary to conduct various criminal proceedings by video conference and teleconference.  Coronavirus Aid, Relief, & Economic Security (CARES) Act, Pub. Law No. 116-136, § 15002, 134 Stat 281 (2020).  The Judicial Conference of the United States has authorized federal judges to use remote broadcasting in civil proceedings.  *See Judiciary Authorizes Video/Audio Access During COVID-19 Pandemic*, U.S. Courts (Mar. 31, 2020), https://www.uscourts.gov/news/2020/03/31/judiciary-authorizes-videoaudio-access-during-covid-19-pandemic?utm_campaign=usc-news&utm_medium=email&utm_source=govdelivery.

8

defendants' objection to video depositions and request for delay as "neither practical nor, in the Court's judgment, wise" because, inter alia, any "'hope the physical distancing and stay-at-home orders required by the current pandemic will be lessened to allow for in-person depositions in the near future' [is] 'pure speculation.'" (quoting *United States ex rel. Chen v. K.O.O. Constr., Inc.*, No. 19cv1535-JAH-LL, 2020 WL 2631444, at *1, 2020 U.S. Dist. LEXIS 81866, at *3 (S.D. Cal. May 8, 2020))). The Court further finds that the *Instructions for Remote Witness Testimony Using Zoom for Government*, attached as Exhibit B to the Protocol and made applicable to this Adversary Proceeding by paragraph 5(b) of the Protocol, constitute appropriate safeguards within the meaning of Rule 43(a) of the Federal Rules of Civil Procedure. Therefore, the Court shall exercise its discretion under Rule 43(a) of the Federal Rules of Civil Procedure, as made applicable hereto by Rule 9017 of the Federal Rules of Bankruptcy Procedure, to conduct the bench trial in this Adversary Proceeding via video conference.

Accordingly, the Motion is **DENIED**. A separate Order will issue.

DATED:   July 8, 2020                    /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: July 8, 2020